## ZIZELMAN v. THE UNION TRUST CO.

*County commissioners—Deposit of county funds—Judgment*
*allowing claim in receivership bars subsequent action by*
*depositary creditor—Statutes for vacating judgments in-*
*applicable—Foreign corporations or individuals may sue*
*in this country, when—Depositary statutes inapplicable in*
*determining validity of commissioners' claim against de-*
*positary, when—Sections 2722 and 2723, General Code—*
*Commissioners could assign claim, and county's rights pro-*
*tected in receivership—Deposit of county entitled to pref-*
*erence in receivership—Only necessary to trace funds in*
*order to determine preference.*

1. Where petition to vacate order allowing claim by board of
county commissioners for deposit of public funds against
loan company in hands of receiver, and to disallow claim,
was brought by depositor of loan company some two years
after judgment allowing claim in receivership proceed-
ing in which depositor was represented as creditor, such
judgment unreversed, unmodified, and unappealed from
on same issues between same parties *held* bar to proceed-
ings, in absence of allegations of fraud, mistake, or irreg-
ularity in the original judgment.

2. Statutes relating to vacation of judgments for mistake,
fraud, or irregularity in original judgment are not basis
for proceedings to disallow claim brought two years after
receivership proceedings in which claim was allowed, and
in which plaintiff was represented as creditor and could
have objected to claim or have reviewed judgment allow-
ing it.

3. Foreign corporations or individuals, in absence of disabling
statute, may sue in courts of this country on principles of
comity.

4. Sections 2722 and 2723, General Code, providing that no
award of county funds shall be binding on county, nor
shall county's money be deposited until certain securities
are hypothecated or bond given, *held* inapplicable in de-
termining validity of claim by board of county commis-
sioners for deposit made with loan company, since com-

missioners did not cease to be creditors of loan company whether deposit was legal or illegal.

5. Where board of county commissioners had valid claim against loan company in hands of receiver for deposit of public funds, it had right to assign claim for valuable consideration, and court could in receivership proceeding protect rights of county, since board of county commissioners was creditor of loan company.

6. Where board of county commissioners deposited public funds with loan company, trust was created in favor of county entitled to preference in funds held by receiver of loan company, whether deposit was legal or illegal.

7. In order to find preference in favor of county for public funds deposited with loan company in hands of receiver, it would only be necessary to trace funds.

(Decided March 14, 1927.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. J. H. Sampliner,* for plaintiff in error.
*Messrs. Tolles, Hogsett & Ginn,* for defendant in error.

SULLIVAN, P. J.   This cause is here on error from the judgment of the court of common pleas of Cuyahoga county, sustaining a demurrer filed by the Union Trust Company to the petition of Frank Zizelman, on the grounds that the allegations of the petition do not constitute a cause of action; that there appears affirmatively in the petition itself the fact that there had been a prior adjudication of the issue involved between the same parties in another branch of the court of common pleas of Cuyahoga county; that for a period of more than two years that judgment had remained unmodified, unreversed, and unappealed from; and that inasmuch as a receivership was involved all

parties, including the plaintiff, had acquiesced in the judgment made, with full legal knowledge of its character and efficacy.

The plaintiff, a depositor of the Municipal Savings & Loan Company, which is in the hands of a receiver, alleged in the amended petition that the board of county commissioners of Cuyahoga county unlawfully deposited $850,000 with the loan company, and received in return a certificate of deposit for the same; that as a security for said deposit, the board of county commissioners accepted what is known as "Lloyds of London," a group of foreign individuals, as surety; that these individuals had no authority to do business in the state of Ohio; and that on June 3, 1924, the board of county commissioners, for a valuable consideration, assigned and transferred all of its right, title, and interest in and to its claim to the Union Trust Company. It is further alleged that at the time of this transfer the board wrongfully and unlawfully, in the receivership action, obtained from the court an order allowing the claim of the board of county commissioners as a claim against the estate of the Municipal Savings & Loan Company. The petition prays that the order for the allowance of said claim be vacated and set aside, and further that the claim of the board of county commissioners assigned to the Union Trust Company be disallowed.

These are the substantial allegations of the petition, and the demurrer is grounded upon their alleged legal insufficiency. The demurrer was sustained, and, the plaintiff not desiring to plead further, final judgment was rendered in favor of the defendant, the Union Trust Company. It is now sought to reverse that judgment.

From the above statement it is clear that the plaintiff is seeking by his petition not only to vacate the order of the court of common pleas of Cuyahoga county in allowing the claim in dispute, but, in addition thereto, is seeking an affirmative order issuing from the same court to disallow the claim; in other words, asking for the vacation of a judgment and insisting upon the pronouncement of a judgment in his favor.

No recourse is had to the statutes making specific provision for appeal or error to this court from the judgment, originally entered, of the court of common pleas. The time required by statute for such proceedings is set at naught, as some two years elapsed after rendition of judgment before filing the petition in the present case, and therefore the action is commenced when there appears unreversed, unmodified, and unappealed, a judgment on the same issues between the same parties on the pages of the records of the common pleas court, and unquestionably this legal status is a bar to the proceeding in the instant case.

The original case, being *B. A. Bingham* v. *Municipal Savings & Loan Company et al.*, No. 222,405 of the records of the court of common pleas of Cuyahoga county, was a receivership proceeding, and the receiver under the law represented the creditors and other interests of the corporation, and among the creditors, as it appears by the allegations of the petition in the instant case, was the plaintiff in error. In that proceeding he had the legal right to file exceptions to the ruling of the court, and upon proceedings in error have the judgment of that court reviewed here. As that course was not followed in the instant case, it is too late

now to complain, and, under the allegations of the petition, there is no cause of action.

There are no allegations of mistake, fraud, or irregularity in the original judgment, but, even if there were, the statutes relating to the vacation of judgments for these reasons are not bases for the proceedings in the instant case begun by plaintiff in error.

It is contended by plaintiff in error that the "Lloyds of London" were not qualified to do insurance business in Ohio and therefore could not sue in this state. Admitting for the purpose of argument only that this might be true, there is nothing in the record of the instant case which shows that the "Lloyds of London" are suing. The most that can be said is that the Union Trust Company is the agent of the "Lloyds of London," but this phase is not material, because the petition is based upon no such theory. Assuming for the purpose of argument the truth of the contention of plaintiff's able counsel, that the "Lloyds" are a group of individuals known as "Lloyds," or a foreign corporation, there is no legal inhibition against their becoming suitors in the courts of the United States. The laws of comity form the foundation for such right, and the very necessities and exigencies arising out of international law create the foundation for the existence of such a privilege.

The authorities are conclusive upon this point, and we quote from 2 Corpus Juris, p. 1070, as follows:

"It may be laid down, as a general rule, that aliens, except alien enemies, who are *sui juris,* and not otherwise specially disabled by the law of the place where the suit is brought, may there main-

tain suits in the proper courts to vindicate their rights and redress their wrongs."

We also quote 24 L. R. A., page 289, as follows:

"By a long series of decisions it has been fully established that, through an exercise of comity, foreign corporations will be recognized and allowed to enforce their rights in a state, except so far as state statutes, or clear public policy of the state, prohibit it * * *.

"The recognition of a foreign corporation to the extent of allowing it to become a plaintiff in a suit is an exercise of comity that has been universal, except when expressly prohibited."

It is well settled in the United States that foreign corporations or individuals, in the absence of a disabling statute, may sue in the courts of this country, based upon the principle of comity alone, and the courts are continually entertaining litigation where aliens are the suitors, simply because there is no statute of inhibition preventing such proceedings for the determination of the rights of persons other than citizens of the United States.

It is well to bear in mind that the allegations of the amended petition relate not to the question whether the "Lloyds" are a foreign corporation, but the allegations directly state that the Lloyds are a group of foreign individuals, and there is no inhibition limiting the right of individuals of foreign countries, in the absence of a disabling statute, from suing in our courts.

We think it is unnecessary to pass upon the authorities cited by the plaintiff in error relating to foreign corporations, because that question does not arise from the allegations in the petition.

We are not now considering the merits of the

case, but are confining ourselves to the question whether the allegations of the petition are sufficient to constitute a cause of action.

Upon the question of the alleged illegality of the county's deposit in the Municipal Savings & Loan Company, we are cited to Sections 2722 and 2723 of the General Code of Ohio, which provide that no award of county funds shall be binding on the county, nor shall the county's money be deposited thereunder until either certain securities are hypothecated or bond is given. We do not think these statutes are applicable, because under the record of the case the board of county commissioners did not cease by their act, whether legal or illegal, to be a creditor of the Municipal Savings & Loan Company. It is not a question of the liability of the county commissioners that we are discussing.

The real question is whether the board of county commissioners had a valid claim against the Municipal Saving & Loan Company, and, if it had, it certainly had a right to assign and transfer the same for a valuable consideration, and if it had any equity under the transaction in the funds of the receiver the court had a right in the receivership case above noted to protect the rights of the county under the receivership, because the board of county commissioners was a creditor.

In any event, there would be a trust created by the transaction in favor of the county. This is far more than the mere relationship of creditor and debtor. In the latter instance such relationship would not be the basis generally speaking for a preference, but whether the transaction was legal or illegal, the funds being public, a preference was created in favor of the board of county commis-

sioners.  All that would be necessary to find the preference would be to trace the funds.

The legality, however, of the claim of the Union Trust Company is based upon the assignment to it by the board of county commissioners, and that transaction rests under no cloud that would defeat the claim.  Thus the equitable doctrine of subrogation is not at issue, in our judgment, and the case at bar is so unlike *Ramsay* v. *Whitbeck,* 183 Ill., 550, 56 N. E., 322, that we do not think this citation has any bearing upon the question in the instant case.

Holding these views, it is our opinion that the court committed no error in sustaining the demurrer and in rendering final judgment for the defendant.

*Judgment affirmed.*

LEVINE, J., concurs.

VICKERY, J., not participating.